16 MISC 464

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re: SEARCH WARRANT ISSUED ON OCTOBER 30, 2016 FOR ACCESS TO EMAIL MESSAGES INVOLVING HILLARY R. CLINTON LOCATED ON THE COMPUTER OF ANTHONY WEINER AND HUMA ABEDIN;

**Declaration of Abraham J. Hassen**

**Index No.**

E. Randol Schoenberg,

                      Petitioner,

-v-

                      Respondent.

------------------------------------------------------------x

I, Abraham J. Hassen, an attorney duly admitted to practice law in this Court, pursuant to 28 U.S.C. § 1746, do hereby declare the following to be true under penalties of perjury:

1. I am an attorney for petitioner in the above-referenced action.

2. I respectfully submit this declaration in support of Mr. Schoenberg's application for an order to show cause why Ruby J. Krajick, Chief Clerk of this court should not be compelled to produce information related to the search warrant issued on Sunday, October 30, 2016 granting the Federal Bureau of Investigation ("FBI") access to emails related to Hillary R. Clinton that were found on a computer belonging to Anthony Weiner and Huma Abedin.

    I.    **Facts Alleged Concerning Anthony Weiner's Computer, its Contents, and the Government's Access Thereto**

3. In March 2015, the New York Times wrote an article indicating that Hillary Clinton used a private email server to conduct official State Department business. (Michael S. Schmidt,

1

Exhibit 1 | Exhibit 2 | Exhibit 3 | Exhibit 4 | Exhibit 5 | Exhibit 6

*Hillary Clinton Used Personal Email Account at State Dept., Possibly Breaking Rules*, N.Y. TIMES, Mar. 5, 2015, attached as Exhibit 1).

4. On July 5, 2016, FBI Director James Comey delivered a press conference in which he publicly announced the results of an investigation of then presidential candidate Hillary R. Clinton. Comey gave a long, detailed account of the investigation. The remarks concluded with the announcement that "no charges are appropriate in this case." (Statement by FBI Director James B. Comey on the Investigation of Secretary Hillary Clinton's Use of a Personal E-Mail System, attached as Exhibit 2).

5. On or about September 22, 2016, the US Attorney for the Southern District of New York ("SDNY") began an investigation of former New York Congressional Representative Anthony Weiner based on sexually explicit text messages he allegedly sent to a fifteen year old minor in North Carolina. (Shimon Prokupecz, Evan Perez and Tom LoBianco, *First on CNN: US Attorney Investigating Weiner Sexting Allegations*, WWW.CNN.COM (Updated 7:01 PM ET, Thu September 22, 2016) attached as Exhibit 3).

6. On or about September 22, 2016, the US Attorney for the Southern District of New York ("SDNY)" issued a subpoena for electronic devices and other records used by Mr. Weiner in relation to his alleged use of such devices for the purpose of sending sexually explicit text messages. (Eli Rosenberg, *Anthony Weiner Faces New Scrutiny After Report About Girl, 15*, N.Y. TIMES, Sept. 22, 2016, attached as Exhibit 4).

7. On October 3, 2016, investigators seized several electronic devices from Mr. Weiner including a laptop computer allegedly used by both Mr. Weiner and his estranged wife Ms. Huma Abedin, a high level aid to then presidential candidate Hillary R. Clinton. (Matt Apuzzo,

Exhibit 1    Exhibit 2    Exhibit 3    Exhibit 4    Exhibit 5    Exhibit 6

Adam Goldman, Michael S. Schmidt And William K. Rashbaum, *Justice Dept. Strongly Discouraged Comey on Move in Clinton Email Case*, N.Y. Times, Oct. 29, 2016, attached as Exhibit 5).

8. The laptop contained over half a million emails, thousands of which were exchanges between Ms. Abedin, Ms. Clinton, and others within the Clinton presidential campaign. (Devlin Barrett, *FBI in Internal Feud Over Hillary Clinton Probe: Laptop May Contain Thousands of Messages Sent to or from Mrs. Clinton's Private Server*, WWW.WSJ.COM (Updated Oct. 30, 2016 7:59 p.m. ET) attached as Exhibit 6).

9. On or about October 28, 2016, upon discovery of the above-mentioned emails involving Ms. Clinton, FBI Director James Comey directed investigators to "take appropriate investigative steps designed to allow investigators to review these emails." He then informed Congress of his actions in a letter. (Letter of James B. Comey, Dated Oct. 28, 2016, attached as Exhibit 7).

10. On October 30, 2016, investigators applied for and received a search warrant from this Court allowing them to search the contents of the Abedin-Clinton emails. (Matt Apuzzo, Michael S. Schmidt and Adam Goldman, *Justice Department Obtains Warrant to Review Clinton Aide's Emails*, N.Y. Times, Oct. 30, 2016, attached as Exhibit 8).

11. On November, 6 2016, FBI Director James Comey wrote another letter to Congress following up on his October 28 letter indicating that, after reviewing the Abedin-Clinton emails on the Weiner-Abedin computer, the FBI had not changed their conclusion as expressed in Comey's July press conference (i.e. that "no charges are appropriate in this case"). (Letter of James B. Comey, Dated Nov. 6, 2016, attached as Exhibit 9).

## II. Other Efforts Made to Obtain Information Regarding the Clinton Search Warrant

12. On December 6, 2016, Declarant attempted to locate case records related to Anthony Weiner, Huma Abedin, and Hillary R. Clinton using PACER and was unable to find such records.

13. On December 6, 2016, Declarant called the records office of the SDNY and was told that it is not possible for the public to access search warrants that do not have associated case or magistrate number.

14. On December 7, 2016, Petitioner filed a lawsuit against the Department of Justice based on a Freedom of Information Act request as a separate attempt to obtain similar information. (Schoenberg v. United States Department of Justice, No. 16-cv-9445(PKC) (S.D.N.Y. filed December 7, 2016).

15. On December 9, 2016, Declarant requested the above mentioned information from both the Records Room and the Clerk's office of the SDNY at 500 Pearl St, and was told that the requested records were not available. Declarant was told that it was standard practice to seal search warrant applications and that, if no case was filed as a result of the warrant, such applications would remain sealed absent an order from the court to unseal them.

Dated:     December 9, 2016
           New York, New York

Respectfully submitted,

By: _____
Abraham J. Hassen
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 10007

4

Exhibit 1   Exhibit 2   Exhibit 3   Exhibit 4   Exhibit 5   Exhibit 6

t: 212-226-4507
e: info@drmtlaw.com

5

Exhibit 1   Exhibit 2   Exhibit 3   Exhibit 4   Exhibit 5   Exhibit 6