```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN RE: SEARCH WARRANT, ETC.,
                                                                16-mc-00464 (PKC)
E. RANDOL SCHOENBERG,
                                                                   CORRECTED
                                                                   MEMORANDUM
                        Applicant.                                 AND ORDER
-----------------------------------------------------------x
IN THE MATTER OF THE SEARCH OF
A LAPTOP COMPUTER
                                                                16-mag-7063
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.:

        Late in the day on December 12, 2016, E. Randol Schoenberg presented to this Court an application to unseal a search warrant and supporting documents that purportedly authorized special agents of the Federal Bureau of Investigation ("FBI") to search the hard drive of a specifically identified computer for email messages to or from former Secretary of State Hillary R. Clinton. According to the applicant, the warrant was issued in the course of a reopened investigation that the FBI Director later stated on November 6, 2016 was completed. Secretary Clinton had been named in the Director's November 6 statement and in at least two prior statements. At a hearing held at noon the next day, the United States opposed Schoenberg's application. The Court directed the government to make an ex parte submission on the propriety of continued sealing of the warrant materials.

        The government has made its ex parte submission. Effectively, it withdraws its opposition to Schoenberg's application and requests that the Court unseal the documents with certain redactions. The Court grants in substantial part Schoenberg's application, as well as the government's request. The Court briefly writes to address certain redactions requested by the government that it approves and an additional set of redactions ordered by this Court to protect a

person, who has not been publicly identified by the government, at least insofar as the submissions before me reveal, and has not been charged with any crime.

I.  Background.

   A.  Public Statements by the FBI.

On July 5, 2016, FBI Director James Comey announced that the FBI was "completing its investigation" into "Secretary Clinton's use of a personal e-mail system during her time as Secretary of State" and whether "classified information was improperly stored or transmitted on that personal system" in violation of a federal statute. (Statement, Dir. Comey, July 5, 2016.) Director Comey went on to recommend that the Department of Justice ("DOJ") not bring criminal charges against Secretary Clinton. (Id.)

On October 28, 2016, Director Comey wrote a letter to Congress stating that the FBI was reopening its investigation of Secretary Clinton due to the discovery of apparently pertinent emails "[i]n connection with an unrelated case." (Ltr., Dir. Comey to Sen. Burr, et al., Oct. 28, 2016.) Nine days later, on November 6, 2016, Director Comey wrote a further letter to Congress stating that the newly discovered emails had been reviewed and that "[b]ased on our review, we have not changed our conclusions that we expressed in July with respect to Secretary Clinton." (Ltr., Dir. Comey to Sen. Burr, et al., Nov. 6, 2016.) At no point did the government publically identify the individual who was the subject of the investigation in the "unrelated case" or, insofar as the record before me shows, any other person other than Secretary Clinton.

   B.  Schoenberg's Application.

During the December 13 hearing, the applicant made plain that he was not seeking the unsealing of any information connected to the "unrelated investigation" referred to by Director Comey in his public statements. (Dec. 13, 2016 Hearing, Tr. 9-10.) Nevertheless,

the government opposed the unsealing. (Id. at 11.) The Court ordered the government to submit to the Court, ex parte, the search warrant and related documents by 5:00 pm on Thursday, December 15, 2016. (Id. at 12.) The Court invited the government to make a further ex parte submission arguing against unsealing and suggesting redactions in the event that the Court ordered the documents unsealed. (Id.) The Court also ordered applicant to serve his application on the three individuals named within by the end of that day and advise them that the undersigned had ordered that anyone wishing to be heard in the matter was to file a submission by 5:00 pm on December 15, 2016. (Id. at 13.)

On the afternoon of December 15, 2016, the government made an ex parte submission to the Court that attached the following documents: the search warrant, the application for the search warrant, the affidavit in support of the application for the search warrant, and the search warrant return. These documents name two individuals who have never been publically identified by the FBI as connected to its investigation into Secretary Clinton's email server, who will be referred to as Subject 1 and Subject 2 in this opinion. As noted, the government effectively withdrew its opposition to Schoenberg's application, and requested that the materials be unsealed subject to redactions suggested by the government. The government proposed redacting information identifying Subject 1, who is the subject of an ongoing criminal investigation unrelated to Secretary Clinton's email server, and information related to law enforcement personnel involved in the now closed investigation of Secretary Clinton. The government's proposal did not redact information identifying Subject 2, who has not been charged with any crime and, so far as is known, is not the subject of any ongoing government investigation.

3

C.  The Search Warrant and Related Materials.

On October 30, 2016, Magistrate Judge Fox issued a warrant for the search of information electronically stored on a laptop computer in connection with the reopened investigation into Secretary Clinton's use of a personal email server.  The application for this search warrant, a supporting affidavit, and the warrant return were signed on the same day by an FBI agent whose name has been redacted in the unsealed documents.

II.  Discussion.

The redactions proffered by the government fall into two categories: information related to the ongoing criminal investigation into Subject 1 and information identifying law enforcement personnel involved in the closed investigation into Secretary Clinton.  The Court accepts the government's reactions in whole and will additionally redact any information identifying Subject 2.  The Court will address the public's right to access judicial documents as it applies to information concerning Subject 2 and the involved law enforcement personnel.

A.  The Public's Right to Access Judicial Documents.

The public has a common law presumptive right to access judicial documents. Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 139 (2d Cir. 2016).  In addition, the First Amendment protects the public's right to access judicial documents and proceedings.  See Hartford Courant Co. v. Pelligrino, 380 F.3d 83, 91-92 (2d Cir. 2004).

The Second Circuit's approach to determining whether a document is a judicial document for the purposes of the First Amendment and common law rights of access emphasizes the role of the document in the judicial process.  See United States v. Erie Cty., 763 F.3d 235, 239-40 (2d Cir. 2014).  To be considered a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process."  Lugosch v. Pyramid

Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)).

Search warrant applications require the close and careful scrutiny of a judicial officer, and are thus judicial documents See In re Sealed Search Warrants Issued June 4 & 5, 2008, No. 08-M-208 (DRH), 2008 WL 5667021, at *2 (N.D.N.Y. July 14, 2008) (finding search warrants, returns, applications, and supporting affidavits to be judicial documents). Search or seizure warrant applications and supporting affidavits are critical to judicial determinations of whether the Fourth Amendment's probable cause standards are met. Thus, they are not only "relevant to the performance of the judicial function" of issuing warrants, but necessary. United States v. All Funds on Deposit at Wells Fargo Bank, 643 F. Supp. 2d 577, 583-84 (S.D.N.Y. 2009) (finding seizure warrants to be judicial documents). The Court thus concludes that the search warrant and related documents applicant seeks to unseal are judicial documents for the purpose of analyzing the applicability of the common law presumption of access and the First Amendment right of access.

B. First Amendment Right of Access.

The Second Circuit has articulated two approaches for determining whether the First Amendment right of access applies to particular judicial records. Lugosch, 435 F.3d at 120. First, under the "experience and logic" approach, the First Amendment protects access where (1) the documents "have historically been open to the press and general public," and (2) where "public access plays a significant positive role in the functioning of the particular process in question." Id. (internal quotation marks omitted). "The second approach considers the extent to which the judicial documents are derived from or are a necessary corollary of the capacity to attend the relevant proceedings." Id. (alterations and internal quotation marks omitted). If a

First Amendment right of access is found, documents "may [only] be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id. (quoting In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987)).  However, "[b]road and general findings by the trial court . . . are not sufficient to justify closure."  Id. (internal quotation marks omitted).

In the present case the first approach most aptly applies because the public and the press do not have a "capacity to attend" search warrant application proceedings.  Hartford Courant Co., 380 F.3d at 93; see Applicant's Mem. 7.  The Court concludes that under the experience and logic approach, applicant does not have a protected First Amendment right to access the subject warrant application materials.  As Judge Swain explained, the experience prong does not support a First Amendment right of access to warrant application materials because warrant application proceedings have historically been "highly secret in nature" and closed to the press and the public.  All Funds on Deposit at Wells Fargo Bank, 643 F. Supp. 2d at 583.  In addition, the applicant has failed to provide any evidence that, as a general matter, warrant materials from closed investigations which do not result in criminal charges have historically been made available to the public or the press.  Accordingly, the Court finds that no First Amendment right of access exists for the search warrant and related documents applicant seeks at this time.

    C.  Common Law Right of Access.

The Court now turns to whether applicant has a common law right to access the documents he wishes to unseal.  Once a court determines that the item in question is a judicial document, and thus subject to the common law presumption of access, the court must "determine the weight" of that presumption.  Erie Cty., 763 F.3d at 239 (quoting Lugosch, 435 F.3d at 119).

"The weight to be given to the presumption of access is governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Erie Cty., 763 F.3d at 239 (quoting Amodeo, 71 F.3d at 1049) (internal quotation marks omitted). The court must then balance competing considerations against disclosure, and may only deny public access to the document when the competing interests outweigh the presumption of access. Id.

The Second Circuit has found that where the documents "directly affect an adjudication, or are used to determine the litigants' substantive legal rights" the presumption of access is very high and may only be overcome by "extraordinary circumstances." Bernstein, 814 F.3d at 142 (internal quotation marks and citations omitted). Search warrants and associated documents go to the heart of the judicial function. The judicial determination whether to grant a search warrant, and thus allow the government to enter and search private property, directly affects individuals' substantive rights. See In re Sealed Search Warrants Issued June 4 & 5, 2008, 2008 WL 5667021, at *3 (finding that the presumption of access to search warrants and related documents carries the maximum possible weight). Documents that a court relies on in making this determination, such as affidavits, directly affect the court's adjudication of those rights. See All Funds on Deposit at Wells Fargo Bank, 643 F. Supp. 2d at 584. The common law presumption of access to the search warrant and related materials sought by applicant is thus entitled to great weight.

The Court must next balance the competing interests against disclosure. Both the individual whose name appears in a search warrant or related document and the government have a strong interest in keeping that person's identity secret. These concomitant concerns with revealing the identities of persons of interest in criminal investigations manifest themselves in

7

the strict secrecy of grand jury proceedings. See United States v. Haller, 837 F.2d 84, 87-88 (2d Cir. 1988). The government's interest is especially strong when revealing that person's identity would compromise an ongoing criminal investigation. Some government investigations end with the return of a criminal indictment that is filed with the court and available to the public. Other investigations end without charges being brought. Ordinarily, a person whose conduct is the subject of a criminal investigation but is not charged with a crime should not have his or her reputation sullied by the mere circumstance of an investigation. See, e.g., id. at 88 ("[P]ersons who are the subject of an ultimately meritless investigation may face public embarrassment.")

In this case, Director Comey has made a public statement that Secretary Clinton was the subject of a now closed government investigation. (Ltr, Dir. Comey to Sen. Burr, et al., Nov. 6, 2016). Secretary Clinton or her recent presidential campaign have responded to comments made about her by Director Comey. She has little remaining privacy interest in the release of documents identifying her as the subject of this investigation. The documents that are the subject of the application corroborate the existence of an investigation into Secretary Clinton's emails. The strong presumption of access attached to the search warrant and related materials is not overcome by any remaining privacy interest of Secretary Clinton. The Court must consider, however, the privacy interests of other persons mentioned in the documents who have not been publicly named by the government. As noted, the application does not seek information about Subject 1, the person who is the subject of an unrelated investigation. The application, however, is broad enough to reach information about Subject 2. The Court concludes that Subject 2's strong privacy interest in keeping his or her identity secret outweighs the public's common law presumptive right of access in this case.

The Court now turns to balancing the common law presumption of access against the government's interest in keeping the identity of the government agents involved in the investigation into Secretary Clinton's emails sealed. The government's proposed redactions would include shielding the name of the special agent whose statements provided the basis for Magistrate Judge Fox's finding of probable cause and that agent's supervisor. In addition, the government opposes disclosure of the introductory paragraph of the affidavit that describes the agent's experience, as well as the names of three law enforcement personnel on the warrant return. While it is a somewhat close question, this investigation was conducted by special agents who work in the fields of national security and counterintelligence. Information regarding their identities could compromise other investigations. The government has a strong interest in not compromising the activities of agents working in these sensitive areas. At this stage the Court will accept the government's proffered redactions.

CONCLUSION

As to Subject 2, the strong common law presumption of access has been overcome and information regarding Subject 2 will be redacted; the Court's redactions as to Subject 2 will appear in brackets. Otherwise, the Court accepts the government's proposed redactions of information regarding the criminal investigation into Subject 1 and information identifying the law enforcement personnel involved in the investigation of Secretary Clinton. The Court thus grants, in part, Schoenberg's application to unseal. The government's request to unseal is granted to the same extent.

The search warrant, the application for the search warrant, the affidavit in support of the application for the search warrant, and the search warrant return will be unsealed and

posted on the Court's electronic case filing system under the docket number listed above, subject to the redactions discussed above, at noon on December 20, 2016, unless an order is issued before then by the United States Court of Appeals for the Second Circuit staying or modifying this Order.

SO ORDERED

P. Kevin Castel
United States District Judge

Dated: New York, New York
December 19, 2016